**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,      )
)
           Plaintiff,      )      Case No. 2:14-cv-1519-GMN-GWF
)
vs.                   )      **FINDINGS AND**
)      **RECOMMENDATIONS**
ANCIENT CREATIONS, INC.,      )
)      **Motion for Default Judgment - #18**
           Defendants.      )
)

This matter is before the Court on Plaintiff United States of America's Motion for Default Judgment (Dkt. #18) against Defendant Ancient Creations, Inc. (hereinafter "Defendant"). This proceeding is referred to the undersigned pursuant to 28 U.S.C. 636(a) and (b) and LR IB 1-3 and 1-4 of the Local Rules of Practice. The Court has considered the Motion. No response to the Motion was filed.

**Background**

This case arises from Defendant's alleged default on a $511,600.00 loan insured by the Small Business Administration (hereinafter "SBA"). *See* Amended Complaint (Dkt. #7). On March 20, 2007, the SBA authorized and guaranteed seventy-five percent (75%) of a $511,600.00 loan from Silver State Bank to Defendant. *Id.* at pg. 2, ¶ 6. Allen Sampson, as President of Defendant corporation, signed the note to obtain the loan on behalf of the corporation. [1] *Id.* According to the terms of the Note, Defendant was to make twelve monthly interest-only payments at prime rate plus 1.5%, beginning one month after signing the Note. *Id.* at ¶ 7. Thereafter, Defendant was to make monthly payments in the amount of $7,134.00. *Id.* Defendant made

---

[1] Allan N. Sampson and Melinda A. Sampson were previously defendants in this matter. However, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice (Dkt. #15), on March 19, 2015.

monthly payments from April 2007 through April 2011. *Id.* at ¶ 8. In July 2011, Defendant defaulted on the loan. *Id.*

Plaintiff filed its Amended Complaint (Dkt. #7) on November 10, 2014. On November 10, 2014, the Clerk of Court issued Summons (Dkt. #9) against Defendant, and Plaintiff filed proof of service of process on November 20, 2014. *See* Summons Returned Executed (Dkt. #14). Defendant did not file a responsive pleading, and the Clerk of Court entered default against it on May 6, 2015, on Plaintiff's Motion (Dkt. #16). *See* Clerk's Entry of Default (Dkt. #17). Plaintiff now seeks entry of default judgment against Defendant pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, and requests damages in the sum of $608,536.99 plus interest thereon from September 22, 2014 at the rate of 4.75% per annum on the unpaid principal, post-judgment interest at the legal rate pursuant to 28 U.S.C. §1961(a), and for costs related to this suit.

### Discussion

#### I. Adequacy of Service of Process

As a preliminary matter, a court must determine whether the service of process was adequate. A federal court does not have jurisdiction over a defendant unless the defendant has been properly served. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4 of the Federal Rules of Civil Procedure governs service of process in a federal action. According to Rule 4, a corporation may be served by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In addition, a corporation may be served by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Here, the executed summons (Dkt. #14) indicates that a process server served the Amended Complaint and Summons on Defendant, on November 20, 2014, by personal service on its president, Allan Sampson. Thus, service of process was adequate.

#### II. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure sets forth the two-step procedure for

1    obtaining a default judgment "[w]hen a party against whom a judgment for affirmative relief is

2    sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."

3    Fed. R. Civ. P. 55(a); *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  First, the clerk

4    of the court must enter default against the party.  Fed. R. Civ. P. 55(a).  Second, the party seeking

5    default judgment must then petition the district court for entry of a default judgment.  Fed. R. Civ.

6    55(b)(2).

7           The grant or denial of a motion for the entry of default judgment is within the discretion of

8    the district court.  *Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1317 (D. Nev.

9    2013) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).  The Ninth Circuit has

10   identified the following factors as relevant to the exercise of the court's discretion in determining

11   whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of

12   the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake

13   in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

14   due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil

15   Procedure favoring decisions on the merits.  *Eitel*, 782 F.2d at 1471–72.

16          In applying the *Eitel* factors, the well-pleaded factual allegations of the complaint are taken

17   as true after the court clerk enters a default, except for the allegations relating to damages.  *See, e.g.,*

18   *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *Liberty Ins.*, 53 F. Supp.

19   3d at 1317.  "Rule 55 gives the court considerable leeway as to what it may require as a prerequisite

20   to the entry of a default judgment." *TeleVideo Sys.*, 826 F.2d at 917.  In particular, a court may

21   require a moving party to "establish the truth of any allegation by evidence."  Fed. R. Civ. P.

22   55(b)(2)(C).

23          In this case, the Clerk entered a default against Defendant on May 6, 2015.  *See* Clerk's

24   Entry of Default (Dkt. #17).  Thus, the Court will evaluate the *Eitel* factors.

25   **A.    Possibility of Prejudice to the Plaintiff**

26          The first *Eitel* factor favors default judgment where the plaintiff will suffer prejudice if

27   default judgment is not entered.  782 F.2d at 1471.  Simply delaying the resolution of the case is not

28   prejudicial under this standard.  *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th

3

Cir. 2001).  The standard is whether plaintiff's ability to pursue the claim will be hindered.  *Id.*
(quoting *Falk v. Allen*, 739 F.2d 461, 462 (9th Cir. 1984)).

Defendant has failed to appear since being served on November 20, 2014. As a result,
Plaintiff "will likely be without other recourse for recovery" if default judgment is not entered in its
favor.  *Liberty Ins.*, 53 F. Supp. 3d at 1318 (quoting *Pepsico, Inc. v. Cal. Security Cans*, 238 F.
Supp. 2d 1172, 1177 (C.D. Cal. 2002)).  In addition, by failing to answer or otherwise respond to
the complaint, Defendant is deemed to have admitted the truth of Plaintiff's averments.  *Philip
Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).  Therefore, the
Court finds that this factor weighs in favor of entry of a default judgment.

**B.    Merits of the Plaintiff's Substantive Claims and Sufficiency of the Complaint**

The second and third *Eitel* factors favor default judgment if the plaintiff makes enough
factual allegations to state a claim upon which relief can be granted, in accordance with Rule 8(a).
782 F.2d at 1471; *Cal. Security Cans*, 238 F. Supp. 2d at 1177.

**1.    Breach of Contract**

Plaintiff's Amended Complaint alleges a breach of contract claim. This is a claim upon
which relief can be granted, and Plaintiff has sufficiently pled this claim to fulfill the requirements
of Federal Rule of Civil Procedure 8.  To prevail on a breach of contract claim in Nevada, a plaintiff
must show: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a
result of this breach.  *Saini v. Int'l Game Tech,* 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (citing
*Richardson v. Jones*, 1 Nev. 405, 405 (1865)).

The Amended Complaint alleges that Defendant defaulted on a $511,600.00 loan insured by
the SBA.  *See* Amended Complaint (Dkt. #7).  The Amended Complaint asserts that on March 20,
2007, the SBA authorized and guaranteed seventy-five percent (75%) of a $511,600.00 loan from
Silver State Bank to Defendant.  *Id.* at pg. 2, ¶ 6.   Allen Sampson, as President of Defendant
corporation, signed the note to obtain the loan on behalf of the corporation.  *Id.*  According to the
terms of the Note, Defendant was to make twelve monthly interest-only payments at prime rate plus
1.5%, beginning one month after signing the Note.  *Id.* at  ¶ 7.  Thereafter, Defendant was to make
monthly payments in the amount of $7,134.00.  *Id.*  Defendant made monthly payments from April

4

2007 through April 2011. *Id.* at ¶ 8. In July 2011, Defendant defaulted on the loan. *Id.* Plaintiff further alleges damages as a result of Defendant's default. Specifically, Plaintiff is unable to collect on the unpaid principal of the loan and the fees accrued in its attempts to collect from Defendant. *Id.* at pg. 3, ¶ 11.

As evidenced by the foregoing, Plaintiff has sufficiently plead the elements for a breach of contract claim. Plaintiff has further demonstrated the merits of its claim. Therefore, the second and third *Eitel* factors weigh in favor of entering a default against the Defendant.

### C.    Sum of Money at Stake in the Action

The fourth *Eitel* factor weighs against a default judgment when there is a substantial amount of money involved. 782 F.2d at 1472. In evaluating this factor, the court must compare the amount of money at stake to the seriousness of the defendant's conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176.

Plaintiff seeks $626,747.46—a considerable amount of money. *See* Motion (Dkt. #18) at pg. 6. This figure includes: (1) approximately $454,062.21 in unpaid principal; (2) an FMS 30% fee of $136,218.67 pursuant to 31 U.S.C. §§ 3717(e) and 3711(g)(6); (3) a Department of Justice 3% fee of $18, 256.11 pursuant to 28 U.S.C. § 527; and (4) interest at the Wall Street Journal prime rate as of September 2014 of 3.25% plus 1.50% equal to 4.75% for accrued interest of $18,210.47. *Id.* In support of this request, Plaintiff submits evidence of Defendant's indebtedness in the form of a Certificate of Indebtedness and the promissory note, which are attached to Plaintiff's Amended Complaint as Exhibits 1 and 2, respectively. *See* Amended Complaint (Dkt. #7). Plaintiff further avers that in September 2013 the SBA referred Defendant's debt to the Department of Treasury's Financial Management Services (hereinafter "FMS") for administrative debt collection as required by the Debt Collection Improvement Act of 1966 ( 31 U.S.C. § 3701, et seq. ) *Id.* at pg. 2, ¶ 9. Plaintiff alleges that FMS's attempts were futile and between December 2013 and May 2014, FMS referred the debt to a private collection agency for additional collection efforts. *Id.* at ¶ 10. Plaintiff alleges that no collections resulted from those attempts. *Id.*

The Court finds that the amount Plaintiff seeks in unpaid principal is appropriate based on the Certificate of Indebtedness and promissory note. Further, Plaintiff has demonstrated a statutory

basis for the additional requested relief.  The Court therefore finds that this factor weighs in favor of entry of a default judgment.

### D.    Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* factor weighs against a default judgment where there is a possibility of a dispute about material facts.  782 F.2d at 1471–72.  Because this Court takes all allegations in a well-pleaded complaint as true after the Clerk enters default, there is no likelihood that any genuine issue of material fact exists in this case.  *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005).  Defendant has not answered the Amended Complaint, and nothing in the record indicates that any of the material facts are in dispute.  Therefore, accepting the facts as stated in the Amended Complaint as true given the sufficiency of the Amended Complaint, this factor weighs in favor of a default judgment**.**

### E.    Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor favors default judgment where default was not due to excusable neglect.  782 F.2d at 1472.  Plaintiff has demonstrated that its process server properly served Defendant with the Summons and Amended Complaint.  Further, Plaintiff has provided proof of service for this Motion for Default Judgment.  Thus, Defendant has received actual notice of this lawsuit and this Motion.  Its failure to appear is therefore willful, and this factor weighs in favor of entry of a default judgment**.**

### F.    The Strong Policy Favoring Decisions on the Merits

The final *Eitel* factor instructs a court to examine whether a default judgment is appropriate in light of the strong policy in the Federal Rules of Civil Procedure favoring decisions on the merits. 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible.").  However, the mere existence of Rule 55(b) indicates that this preference is not dispositive.  *Cal. Security Cans*, 238 F. Supp. 2d at 1177.  Here, Plaintiff has no opportunity to try its case on the merits because Defendant has failed to respond or otherwise defend itself in this action.  Therefore, this factor weighs in favor of entry of a default judgment.

### **Conclusion**

Based on the foregoing, the Court finds that Plaintiff's service of process on Defendant was

1  adequate. The Clerk of Court entered the default against Defendant on May 6, 2015.  *See* Clerk's

2  Entry of Default (Dkt. #17).  Weighing all the *Eitel* factors, this Court finds that entry of the default

3  judgment is appropriate.

4         For the reasons stated above,

5         **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Default Judgment (Dkt.

6  #18) be **granted**.

7         **IT IS FURTHER RECOMMENDED** that Plaintiff be awarded $454,062.21 in principal,

8  an FMS 30% fee of $136,218.67 pursuant to 31 U.S.C. §§ 3717(e) and 3711(g)(6), a DOJ 3% fee of

9  $18,256.11 pursuant to 28 U.S.C. § 527 and interest at the Wall Street Journal prime rate as of

10  September, 2014 of 3.25% plus 1.50% equal to 4.75% for accrued interest of $18,210.47, for a total

11  of $626,747.46.

12         **IT IS FURTHER RECOMMENDED** that the Clerk of the Court be instructed to enter

13  judgment accordingly.

14         DATED this 14th day of December, 2015.

15

16                                          _____
                                          GEORGE FOLEY, JR.

17                                          United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28